FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 3 0 2011

JAMES W. McCORMACK, CLERK
By:_____ Dis
                    DEP CLERK

This case assigned to District Judge Wilson
and to Magistrate Judge Kearney

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| JOANN DEMPSEY, INDIVIDUALLY, AND AS WIFE AND GUARDIAN OF THE PERSON AND ESTATE OF JIMMY DEMPSEY, AN INCAPACITATED PERSON | PLAINTIFFS |
| V.   CASE NO. 4:11cv536 BRW | |
| UNITED STATES OF AMERICA | DEFENDANT |

## COMPLAINT

COMES NOW the Plaintiff, JoAnn Dempsey, individually and wife, and as Guardian of the Person and Estate of Jimmy Dempsey, an incapacitated person; by and through her attorney, G. Randolph Satterfield, of Satterfield Law Firm, PLC, and for her Complaint, states:

### PARTIES, JURISDICTION, AND VENUE

1.  The Plaintiff, JoAnn Dempsey is the wife Jimmy Dempsey and has been duly appointed as guardian of the person and estate of Jimmy Dempsey, an incapacitated person, on September 2, 2008, through the Probate Court of Pulaski County. *Please see* Order Appointing Guardian, attached hereto as **Exhibit "A"**. Plaintiff is and was at all times relevant hereto a resident of Pulaski County, Arkansas. The Plaintiff's ward, Jimmy Dempsey, is and was at all relevant times, a resident of Pulaski County, Arkansas.

2.  Jimmy Dempsey, date of birth 11/4/52, a retired military veteran, eligible for care under Title 38 C.F.R., at all relevant times complained of herein, is and currently remains a patient at the Department of Veterans Affairs Hospital, in Little Rock, Pulaski County, Arkansas.

3.  This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, for medical negligence under the Arkansas Medical Malpractice Act, Ark. Code Ann. § 16-115-201, *et seq.*

1

4.     Plaintiff timely presented Notices of Claim to the United States Department of Veterans Affairs, pursuant to 28 U.S.C § 2675. *Please see* timely filed Two Standard Forms number 95, dated September 10, 2009, attached hereto as **Exhibits "B" and "C"**. These documents are hereby incorporated as if set forth herein word for word.

5.     Plaintiff's claims were denied by the VA on December 30, 2010, and therefore Plaintiff has exhausted all requisite administrative requirements prior to filing this Complaint. Please see VA's denial letter, dated December 30, 2010, attached hereto as **Exhibit "D"**. This Complaint has been filed within six months of the V.A.'s final denial letter as required by 28 U.S.C. § 2401.

6.     The Defendant is a proper party to this action as the Plaintiff's claims against the United States for damages arise out of the negligence of federal employees acting within the course and scope of their employment in an United States Agency, the Department of Veterans Affairs (VA), in Little Rock, Pulaski County, Arkansas. 28 U.S.C. § 1346(b).

7.     This is an action under the FTCA, 28 U.S.C. § 1346, therefore this action is properly prosecuted "in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C § 1402. Venue is proper in this district as the Plaintiff and the Plaintiff's ward reside in the district and the acts and omissions herein complained of occurred in this district.

## FACTS

8.     Plaintiff re-alleges and incorporates each and every allegation set forth in paragraphs 1 through 7 as if set forth word for word herein.

9.     On or about the 31st day of August, 2007, Jimmy Dempsey was treated as an outpatient by the emergency room at the Little Rock VA Hospital for bacterial pneumonia, at

which time he had a pulse oxygen level of 98%. Mr. Dempsey was discharged on August 31, 2007, and prescribed antibiotics to treat the condition.

10.  After finishing his prescribed antibiotic medications and feeling no relief from his symptoms, Mr. Dempsey returned to the LR VA Hospital emergency room on or about September 9, 2007, with a 93% pulse oxygen level, and was then prescribed additional medications and updrafts for a period of 10 days.

11  On or about September 14, 2007, Mr. Dempsey continued to suffer from respiratory problems and went to his primary care physician and was found to have a pulse oxygen level of 84% on room air, at which time he was transferred to the VA hospital in Little Rock, Arkansas, for inpatient treatment for the condition.

12.  Mr. Dempsey's primary care physician ordered the Little Rock VA Hospital to keep Mr. Dempsey's oxygen level above 93%, while Mr. Dempsey was in the Little Rock VA hospital for inpatient treatment.

13.  On or about September 15, 2007 through September 19, 2007, while in the care of the Little Rock VA hospital, Mr. Dempsey's pulse oxygen level dropped to 40% to 35%, and Mr. Dempsey "coded."

14.  Mr. Dempsey was resuscitated and restored to normal oxygen levels following the drop in his pulse blood oxygen level.  However, as a result of medical negligence of the VA medical care providers, Mr. Dempsey is suffering from permanent severe brain damage.

15.  Mr. Dempsey's medical condition prior to suffering severe brain damage appeared to be acceptable, with the exception of his respiration, pulse oxygen, and temperature, which were all symptoms consistent with his bacterial pneumonia infection diagnosis.

16. The VA medical care providers failed to supply Mr. Dempsey with the proper oxygen levels, which caused Mr. Dempsey's respiratory failure, his subsequent cardiac arrest, and his permanent brain damage.

### COUNT ONE: MEDICAL MALPRACTICE UNDER ACA 16-114-201, et. seq

17. Plaintiff re-alleges and incorporates each and every allegation set forth in paragraphs 1 through 16 as if set forth word for word herein.

18. That the staff, nurses, and physicians, all federal employees acting within the course and scope of their employment in an United States Agency, the Department of Veterans Affairs (VA), in Little Rock, Pulaski County, Arkansas, have a duty to conform to the applicable standard of care in this community or a similar community.

19. Mr. Dempsey suffered respiratory failure because of the following acts or omissions by VA medical care providers, constituting a breach of the applicable standard of care in this community or a similar community, which constitutes negligence:

(a) The non-compliance with doctors' orders for maintenance of adequate oxygen levels;

(b) Failure to utilize a pulse oxygen monitor with alarm system;

(c) Mistaken conclusions that Mr. Dempsey was having emotional panic attacks, instead of reactions as a result of his gradual suffocation;

(d) By inappropriately and negligently administering metabolism inhibiting medications, including Trazadone and Morphine, instead of increasing oxygen delivery methods;

(e) Failing to adequately monitor Mr. Dempsey in person, or with adequate equipment available to monitor his oxygen levels, especially in light of Mr.

Dempsey's oxygen levels, known respiratory problems, and panic attacks during gasping episodes; and

(f) Failure to use a venti-mask, a non re-breather mask, or other methods, instead of a nasal cannula, to make sure Mr. Dempsey received adequate benefit from oxygen therapy, and

(g) Otherwise failing to conform to the applicable standard of medical care in the community, pursuant to the Federal Tort Claims Act.

20. Failure to provide the appropriate standard of care constitutes medical negligence and was a direct and proximate cause of Mr. Dempsey's injuries.

21. As a direct and proximate result of the negligence of the Defendant's agents and employees acting in the scope and course of employment as set our herein, the Plaintiff's ward, Jimmy Dempsey, has suffered the following damages:

(a) Past and future physical pain, physical impairment, permanent injury, and mental anguish;

(b) Past and future permanent loss of income and loss of earning capacity;

(c) Past and future medical expenses;

(d) Past and future loss of companionship and society of his family; and loss of enjoyment of life;

22. Plaintiff JoAnn Dempsey, individually and as Mr. Dempsey's wife, has suffered past and future loss of companionship and consortium damages due to her husband's permanent injury, as well as severe emotional distress and mental anguish from her contemporaneous perception and observation of the pain and suffering of her husband, Jimmy Dempsey, which was caused by the Defendant's negligence.

23.     Plaintiffs are entitled to recover an amount consistent with that claimed in forms 95, attached hereto as **Exhibit "B"** and **Exhibit"C"**.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray that she have a judgment against the Defendant entered, and for all other proper relief to which she may be entitled.

Respectfully Submitted,

**SATTERFIELD LAW FIRM, PLC.**
Attorneys for the Plaintiff
P. O. Box 1010
Little Rock, AR 72203-1010
(501)376-0411/fax: (501)374-2834
E mail: satterfieldlaw@comcast.net

BY: _____
Guy "Randy" Satterfield ( Ark. Bar 81140)

FILED 09/02/08 13:28:55
Pat O'Brien Pulaski Circuit Clerk
CR3 By _____

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
13TH DIVISION - PROBATE

IN THE MATTER OF THE GUARDIANSHIP
OF JIMMY CARROLL DEMPSEY, An Incapacitated Adult   NO. PGD2008-1432

## ORDER OF APPOINTMENT OF PERMANENT GUARDIANSHIP OF THE PERSON OF JIMMY CARROLL DEMPSEY

On this 2nd day of September, 2008 comes on for hearing the petition of JoAnn Dempsey, and this Court being sufficiently advised and the Court, having considered the same, finds:

1. That this Court is the proper venue for this action and has personal and subject matter jurisdiction.

2. That Jimmy Carroll Dempsey, date of birth: 11-4-1952, of 704 Shamrock, North Little Rock, Arkansas, currently at the VA Community Living Center, Bed 17, Room 140, 2200 Fort Roots (94/NLR), North Little Rock, Arkansas, is incapacitated pursuant to A.C.A. Section 28-65-104.

3. That Petitioner, JoAnn Dempsey of 704 Shamrock, North Little Rock, Pulaski County, Arkansas 72118 is the wife of the ward and is a legally qualified person to serve as guardian of the person of the ward.

4. That Petitioner is hereby appointed permanent guardian of the person of the incompetent pursuant to A.C.A. 28-65-218 *et al.*

5. That Petitioner is not presently serving as the guardian of the person of any incompetent.

It is therefore by the Court CONSIDERED, ORDERED and ADJUDGED that Jimmy Carroll Dempsey is incapacitated; and that Petitioner, JoAnn Dempsey, is hereby appointed permanent guardian of the person and of Jimmy Carroll Dempsey.



_____ and
CIRCUIT JUDGE

DATE: **SEP 0 2 2008**

Approved and Submitted By:

_____
G. Randolph Satterfield
Attorney for Petitioner
Satterfield Law Firm, PLC
P.O. Box 1010
Little Rock, AR  72203-1010
(501) 376-0411

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: DEPARTMENT OF VETERANS AFFAIRS Office of Regional Counsel (598 / 02NLR) 2200 Fort Roots Drive North Little Rock, Arkansas 77114 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) Claimants(1)  Claimant's representatives: wife & atty JIMMY DEMPSEY  By: JoAnn Dempsey, his legal guardian 704 Shamrock Drive  GUY R. SATTERFIELD, His Attorney N. Little Rock, Arkansas 72118  P.O. Box 1010, LR, Arkansas 72203 |
|---|---|

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4 DATE OF BIRTH 11-04-1952 | 5. MARITAL STATUS Married | 6. DATE AND DAY OF ACCIDENT September 15th - 19th, 2007 | 7. TIME (A.M. OR P.M.) A.M. and P.M. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

MEDICAL INJURY TO JIMMY DEMPSEY DURING TREATMENT AT JOHN McCLELLAN VA HOSPITAL IN LITTLE ROCK, ARKANSAS, CAUSED BY DEVIATIONS FROM THE STANDARD OF CARE AND NEGLIGENCE BY V.A. HOSPITAL STAFF INCLUDING ATTENDING NURSES, MEDICAL DOCTORS, AND OTHER AGENTS, SERVANTS AND EMPLOYEES ACTING IN THE COURSE OF THEIR EMPLOYMENT, WHICH PROXIMATELY CAUSED MR. DEMPSEY DAMAGES INCLUDING A PERMANENT MEDICAL INJURY, PAST AND PRESENT MEDICAL EXPENSES, PAIN, SUFFERING, MENTAL ANGUISH, AND CARETAKING EXPENSES, PAST AND FUTURE.
SEE ATTACHED ADDITIONAL NARRATIVE, GUARDIANSHIP ORDER, and PARTIAL SELECTION OF SUPPORTING MEDICAL RECORDS.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).
None

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side.)
None

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.
Claimant Jimmy Dempsey remains hospitalized with a hypoxic brain injury caused by failure of attending nurses and medical doctors to give proper care for Mr. Dempsey, and failed to follow standard of care by: 1. using inappropriate methods and equipment necessary to follow doctors orders to keep his oxygen saturation level at or above 90%; 2. failure to adequately supervise and monitor his condition; 3. misdiagnosing his suffocation as a "panic attack"; and giving him Trazadone and other drugs which lowered his metabolism exacerbating his breathing ability resulting in his present brain injury. 4. Other causation for injury that may be determined from any unprovided witnesses, records, equipment read-outs, or scripts by VA.  ALSO SEE No. 8 above and attachments

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Jo Ann Dempsey, wife | 704 Shamrock Drive, North Little Rock, AR 72118 |
| Melissa M. Garner; Kathleen Wilson, RN's; and others. Gregory Mehaffey; Drs. Jordon, Worley, Fabrega; Daaif; K. VanHook; D. Portilla, J. Kumar; S. Metzer; | Unknown but employed at John McClellan VA Hosp., Little Rock, AR " " |

12. (See instructions on reverse.) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| None | $7,000,000.00 | None | $7,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) *[signed]* | 13b. Phone number of person signing form 501-960-2415/ 376-0411 atty | 14. DATE OF SIGNATURE 9/10/09 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government (See 31 U.S.C 3729.) | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

95-109   NSN 7540-00-634-4046   STANDARD FORM 95
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

| INSURANCE COVERAGE | | |
|---|---|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property. | | |
| 15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☒ No | | |
| 16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes   ☒ No | | 17. If deductible, state amount. None |
| 18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.) None | | |
| 19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☒ No | | |

### INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all Items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

**(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

### PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 5 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95   BACK

# JIMMY DEMPSEY NARRATIVE OF EVENTS IN SUPPORT OF FTCA MEDICAL INJURY CLAIM

Jimmy Dempsey, date of birth 11/4/52, had been treated as an outpatient for pneumonia beginning with an emergency room visit on 8/31/07, at which time he had a pulse oxygen level of 98%. After finishing his prescribed antibiotic medications, he returned to the emergency room on 9/9/07, had a 93% oxygen level, and was then prescribed additional medications and updrafts for 10 days. On 9/14/07 he went to his primary care physician and found to have a pulse oxygen level of 84% on room air. Mr. Dempsey was transferred to the Little Rock VA hospital for in patient treatment, with orders from his primary care physician for the Little Rock VA Hospital to keep his oxygen level above 93%. He was admitted into the Little Rock VA Hospital for the ordered treatment. On 9/15/07 through 9/19/07, Mr. Dempsey's oxygen level dropped to 40% to 35%, he coded; he was resuscitated and now restored to good oxygen levels. However, as a result of medical negligence, he is permanently severely brain damaged.

According to the medical records, Jimmy's prior condition appeared to be acceptable, with the exception of his respiration, pulse oxygen, and temperature, which were symptoms consistent with his pneumonia infection diagnosis. It was the lack of oxygen that caused his respiratory failure, his subsequent cardiac arrest, and his permanent brain damage.

This claim is based upon the medical records that have been provided by the VA. It is the claimant's belief that Jimmy suffered respiratory failure because of certain acts or omissions by medical care providers including:

1. The non-compliance with doctors' orders for maintenance of adequate oxygen levels;

2. Failure to utilize a pulse oxygen monitor with alarm system;

3. Mistaken conclusions that Jimmy was having emotional panic attacks, instead of reactions as a result of his gradual suffocation;

4. By inappropriately and negligently administering metabolism inhibiting medications, including Trazadone and Morphine, instead of increasing oxygen delivery methods;

5. Failing to adequately monitor him in person, or with adequate equipment available to monitor his oxygen levels, especially in light of his oxygen levels, known respiratory problems, and panic attacks during gasping episodes; and

6. Failure to use a venti-mask, a non re-breather mask, or other methods, instead of a nasal cannula, to make sure Jimmy received adequate benefit from oxygen therapy.

**SEE PARTIAL MEDICAL RECORDS & GUARDIANSHIP ORDER ATTACHED**

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: DEPARTMENT OF VETERANS AFFAIRS Office of Regional Counsel (598 / 02NLR) 2200 Fort Roots Drive North Little Rock, Arkansas 77114 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) JO ANN DEMPSEY  Claimant's representative: atty WIFE OF JIMMY DEMPSEY 704 Shamrock Drive  GUY R. SATTERFIELD, His Attorney N. Little Rock, Arkansas 72118  P.O. Box 1010, LR, Arkansas 72203 |
|---|---|

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 11-04-1952 | 5. MARITAL STATUS Married | 6. DATE AND DAY OF ACCIDENT September 15th-19th, 2007 | 7. TIME (A.M. OR P.M.) A.M. AND P.M. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

LOSS OF CONSORTIUM CLAM ARISING FROM MEDICAL INJURY TO MY HUSBAND, JIMMY DEMPSEY DURING TREATMENT AT JOHN McCLELLAN VA HOSPITAL IN LITTLE ROCK, ARKANSAS, CAUSED BY MEDICAL NEGLIGENCE OF HOSPITAL, NURSES, AND MEDICAL DOCTORS

SEE CLAIM, NARRATIVE, GUARDIANSHIP ORDER, and PARTIAL SELECTION OF SUPPORTING MEDICAL RECORDS ATTACHED TO CLAIM OF JIMMY DEMPSEY FILED CONTEMPORANEOUSLY.

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).
None

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side.)
None

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Claimant JO ANN DEMPSEY, as wife of Jimmy Dempsey who remains hospitalized with a hypoxic brain injury caused by failure of attending nurses and medical doctors to give proper care for Mr.Dempsey, and failed to follow standard of care by: 1. using inappropriate methods and equipment necessary to follow doctors orders to keep his oxygen saturation level at or above 90%; 2. failure to adequately supervise and monitor his condition; 3. misdiagnosing his suffocation as a "panic attack"; and giving him Trazadone and other drugs which lowered his metabolism exacerbating his breathing ability resulting in his present brain injury. 4. Other causation for injury that may be determined from any unprovided witnesses, records, equipment read-outs, or scripts by VA.

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Jo Ann Dempsey, wife | 704 Shamrock Drive, North Little Rock, AR 72118 |
| Melissa M. Garner; Kathleen Wlson, RN's; and others. Gregory Mehaffey; Drs. Jordon, Worley, Fabrega; Daaif; K. VanHook; D. Portilla; J. Kumar; S. Metzer; | Unknown but employed at John McClellan VA Hosp., Little Rock, AR |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE None | 12b. PERSONAL INJURY $3,000,000.00 | 12c. WRONGFUL DEATH None | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) $3,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) *[signature] Jo Ann Dempsey* *[signature] her Attorney* | 13b. Phone number of person signing form 376-0411 HER ATTORNEY | 14. DATE OF SIGNATURE 9/10/09 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |



95-109  NSN 7540-00-634-4046  STANDARD FORM 95
  PRESCRIBED BY DEPT. OF JUSTICE
  CFR 14.2

| INSURANCE COVERAGE |
|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property. |

15. Do you carry accident insurance?  ☐ Yes    If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.    ☒ No

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☐ Yes  ☒ No

17. If deductible, state amount.

None

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

None

19. Do you carry public liability and property damage insurance?  ☐ Yes    If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

## JIMMY DEMPSEY NARRATIVE OF EVENTS IN SUPPORT OF FTCA MEDICAL INJURY CLAIM

Jimmy Dempsey, date of birth 11/4/52, had been treated as an outpatient for pneumonia beginning with an emergency room visit on 8/31/07, at which time he had a pulse oxygen level of 98%. After finishing his prescribed antibiotic medications, he returned to the emergency room on 9/9/07, had a 93% oxygen level, and was then prescribed additional medications and updrafts for 10 days. On 9/14/07 he went to his primary care physician and found to have a pulse oxygen level of 84% on room air. Mr. Dempsey was transferred to the Little Rock VA hospital for in patient treatment, with orders from his primary care physician for the Little Rock VA Hospital to keep his oxygen level above 93%. He was admitted into the Little Rock VA Hospital for the ordered treatment. On 9/15/07 through 9/19/07, Mr. Dempsey's oxygen level dropped to 40% to 35%, he coded; he was resuscitated and now restored to good oxygen levels. However, as a result of medical negligence, he is permanently severely brain damaged.

According to the medical records, Jimmy's prior condition appeared to be acceptable, with the exception of his respiration, pulse oxygen, and temperature, which were symptoms consistent with his pneumonia infection diagnosis. It was the lack of oxygen that caused his respiratory failure, his subsequent cardiac arrest, and his permanent brain damage.

This claim is based upon the medical records that have been provided by the VA. It is the claimant's belief that Jimmy suffered respiratory failure because of certain acts or omissions by medical care providers including:

1. The non-compliance with doctors' orders for maintenance of adequate oxygen levels;

2. Failure to utilize a pulse oxygen monitor with alarm system;

3. Mistaken conclusions that Jimmy was having emotional panic attacks, instead of reactions as a result of his gradual suffocation;

4. By inappropriately and negligently administering metabolism inhibiting medications, including Trazadone and Morphine, instead of increasing oxygen delivery methods;

5. Failing to adequately monitor him in person, or with adequate equipment available to monitor his oxygen levels, especially in light of his oxygen levels, known respiratory problems, and panic attacks during gasping episodes; and

6. Failure to use a venti-mask, a non re-breather mask, or other methods, instead of a nasal cannula, to make sure Jimmy received adequate benefit from oxygen therapy.

## SEE PARTIAL MEDICAL RECORDS & GUARDIANSHIP ORDER ATTACHED TO CLAIM FOR JIMMY DEMPSEY



**Department of Veterans Affairs**
Office of Regional Counsel
2200 Fort Roots Drive, Bldg 5
North Little Rock, AR 72114
Phone (501)-257-4133
Fax (501)257-4130

**CERTIFIED MAIL – RRR**
December 30, 2010

*In Reply Refer To*: GCL 64783
Direct Line: (501) 257-4107

G. Randolph Satterfield
Satterfield Law Firm
P.O. Box 1010
Little Rock, Arkansas 72203-1010

Re: Administrative Tort Claim of Jo Ann Dempsey,
    Wife and legal guardian of Jimmy Dempsey

Dear Mr. Satterfield:

After careful consideration by this office, we have determined that your claim is not amenable to administrative resolution. Accordingly, this claim is hereby denied.

If you are dissatisfied with this decision, you may file a request for reconsideration of your claim with the VA General Counsel by any of the following means: (1) you may mail your request to the Department of Veterans Affairs, General Counsel (021B), 810 Vermont Avenue, N.W., Washington, DC 20420; (2) you may file your request by data facsimile (fax) to (202) 273-6385; or (3) you may e-mail your request to OGC.torts@mail.va.gov. To be timely filed, VA must receive this request prior to the expiration of six months from the date of the mailing of this final denial. Upon filing such a request for reconsideration, the Department of Veterans Affairs shall have six months from the date of that filing in which to make final disposition of the claim, and your option to file suit in an appropriate United States District Court under 28 U.S.C. 2675(a) shall not accrue until six months after the filing of such request for reconsideration (28 C.F.R. Section 14.9).

In the alternative, if you are dissatisfied with the action taken on this claim, you may file suit in accordance with the Federal Tort Claims Act, sections 1346(b) and 2671-2680, Title 28, United States Code, which provides that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration. Such a suit must be initiated within six months after the date of the mailing of this notice of final denial as shown by the date of this letter (section 2401(b), Title 28, United States Code). If you do initiate such a suit, you are further advised that the proper party defendant is the United States, not VA.

Sincerely yours,

ROGERT T. GRAY
Assistant Regional Counsel

cc: Little Rock, AR VAMC, Attn: QM
    John R. Grippi, M.D. (11ML) Buffalo, NY 14215

